IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Detention of | ) | No. 33973-4-III |
| | ) | |
| R.D. | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |

PENNELL, J. — R.D. appeals a 14-day involuntary treatment order, arguing it was not preceded by a timely probable cause hearing. We affirm.

FACTS

R.D. was detained at Deaconess Hospital on November 9, 2015. That same day, a mental health evaluation was performed, which concluded R.D. suffered from a mental health disorder, was gravely disabled, and presented a likelihood of serious harm to

others. Based on the evaluation, a petition was submitted to the Spokane County Superior Court seeking a 72-hour initial detention pursuant to chapter 71.05 RCW. R.D. was personally served with a copy of the petition for initial detention, notice of rights, and notice of emergency detention on November 9. The petition for initial detention was filed on November 10.

R.D. was admitted to Eastern State Hospital on November 10, 2015. On November 12, he was evaluated and diagnosed with affective psychosis by two physicians at the hospital. Both physicians concluded R.D.'s mental illness affected his volitional control and ability to make appropriate decisions for his health, safety, and welfare. On November 13, the two physicians jointly filed a petition for 14-day involuntary treatment. At 4:45 p.m. that same day a probable cause hearing was held in superior court. At the hearing, R.D.'s attorney made an oral motion to dismiss the case asserting the probable cause hearing was untimely. The motion was ultimately denied and the court entered a 14-day involuntary treatment order. R.D. appeals.

## ANALYSIS

R.D. is no longer detained. Nevertheless, his appeal is not moot since his commitment order may have collateral consequences. *See* RCW 71.05.12. We therefore proceed to the merits.

2

In Washington, an individual cannot be involuntarily detained for mental health treatment more than 72-hours without a probable cause hearing. *See* RCW 71.05.240. The 72-hour period begins running when a treatment facility provisionally accepts a petition and person for detention. *In re Det. of Swanson*, 115 Wn.2d 21, 33, 793 P.2d 962, 804 P.2d 1 (1990). The period excludes weekends and holidays. RCW 71.05.180.

R.D. was provisionally accepted for detention and treatment at Eastern State Hospital on November 9, 2015, at 7:08 p.m.[1] The 72-hour initial detention period began at that time. *See In re Swanson*, 115 Wn.2d at 33. Because Wednesday, November 11 was a legal holiday, Veterans' Day, it is not included in the calculation of the 72-hour initial detention period. *See* RCW 1.16.050(1)(h); 71.05.180; 71.05.240(1); CR 6(a). As a result, R.D.'s 72-hour detention period was not set to expire until 7:08 p.m. on Friday, November 13. The probable cause hearing was held within this time period. R.D.'s arguments with respect to timeliness are unfounded.

---

[1] In his brief, R.D. asserts his detention began on November 4, 2015, and his attorney made the same reference during the probable cause hearing. Br. of Appellant at 1; Report of Proceedings (Nov. 13, 2015) at 4. There is no petition, order, nor document in the record that supports this assertion. The record only indicates R.D. was initially detained on November 9, 2015. R.D. bears the burden of perfecting the record on appeal. *See Rhinevault v. Rhinevault*, 91 Wn. App. 688, 692, 959 P.2d 687 (1998).

No. 33973-4-III
*In re Det. of R.D.*

## CONCLUSION

The superior court's involuntary treatment order is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Pennell, J.

WE CONCUR:

Korsmo, J.                                    Siddoway, J.

4